UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALBERTO RAMOS,

    Plaintiff,

Vs.

INKA FOODS II, LLC, a Florida limited liability company, and
JORGE VEGA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ALBERTO RAMOS, ("RAMOS"), by and through his undersigned counsel, files this Complaint against Defendants, INKA FOODS II, LLC, a Florida limited liability company ("INKA"), JORGE VEGA, ("VEGA"), individually, and states as follows:

## INTRODUCTION

1. This is a proceeding against INKA, VEGA for monetary damages to redress the deprivation of rights secured to Plaintiff, RAMOS, under the maximum hour provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

**VENUE**

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Miami-Dade County, Florida;

   b. Defendant, INKA, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   c. Upon information and belief, the individual Defendant, VEGA, resides in Miami-Dade County Florida.

**PARTIES**

4. At all times material hereto, Plaintiff, RAMOS, was and continues to be a resident of Miami-Dade County, Florida.

5. At all times material hereto, Plaintiff, RAMOS was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant, INKA, was and continues to be a limited liability company organized under the laws of the State of Florida engaged in the drywall and demolition business.

7. At all times material hereto, Defendant, INKA, was engaged in business as a restaurant at 3155 NE 163 Street, North Miami, FL 33160, within the Southern District of Florida under the business name, "Gran Inka Restaurant."

8. At all times material hereto, Defendant INKA is an employer authorized to do business and doing business in Florida, with a place of business in Miami Dade County, Florida.

9. Further, at all times relevant Defendant INKA was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times material hereto, Defendant, INKA, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

11. At all times material hereto, Plaintiff, RAMOS was "engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Defendant, INKA, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, annual gross revenue of Defendant, INKA, was in excess of $ 500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Defendant, INKA, is a joint enterprise along with its sister location at 606 Crandon Blvd. # 4, Key Biscayne, Florida.

15. At all times material hereto, the items used by the Defendant, INKA, for the operation of their business travelled in interstate commerce.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

17. At all times material hereto, Defendant, VEGA was an officer of Defendant INKA, who controlled how Plaintiff was compensated and is therefore an "employer" within the meaning of the FLSA.

## STATEMENT OF FACTS

18. Plaintiff, RAMOS, was hired as a line cook for the Defendants' North Miami restaurant on or about June 8, 2016. Plaintiff, RAMOS, worked for the Defendants until December 23, 2016.

19. During the relevant time period, from June 8, 2016 and continuing through December 23, 2016, Plaintiff worked an average of 53.2 hours per week. During this time frame, Defendants paid Mr. RAMOS and other similarly situated employees straight time for all hours worked. For the first four (4) weeks of his employment, Defendants paid the Plaintiff a sub-minimum wage rate of $ 7.00 per hour for all hours worked. For the remaining weeks, he was paid at the rate of $ 10.00 per hour for all hours worked.

20. Plaintiff, RAMOS, and all similarly situated hourly workers, were never paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week.

21. Accordingly, Plaintiff, and all similarly situated employees are owed an additional half-time premium for all hours worked in excess of forty (40) during the relevant statute of limitations.

22. During the course of Mr. RAMOS's employment, Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, 216(b), by not paying Mr. RAMOS or other similarly situated employees overtime at the rate of time and one-half their hourly rate. Instead, Defendants would pay the employees overtime at a straight time rate.

23. During the relevant time period which consisted of 28 weeks, Plaintiff, RAMOS, worked an approximate total of 382.95 overtime hours which equals $1,877.03 in unpaid overtime.

24. Additionally, Plaintiff worked 150.00 regular hours where he was paid at the rate of $ 7.00 per hour instead of the federal minimum wage rate of $ 7.25 per hour. This amounts to unpaid minimum wage damage of $ 37.50.

25. Defendants have and continue to violate Title 29 U.S.C. § 207 in that Plaintiff, and all similarly situated employees who worked in excess of the maximum hours provided by the FLSA were not paid at a rate of time and one-half the hourly rate for all overtime hours worked, in excess of 40 hours per pay period. Additionally, Defendants have and continue to violate Title 29 U.S.C. § 206 in that Plaintiff, and all similarly situated employees who were paid below the federal minimum wage rate of $7.25 per hour.

26. Notwithstanding the fact that Defendants had knowledge regarding their obligation to pay the Plaintiff overtime compensation, Defendants willfully continued to violate Title 29 U.S.C. § 207, by failing to properly pay overtime compensation and section 206 by failing to comply with the federal minimum wage.

27. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At no time did the Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

28. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A., to represent him and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### VIOLATION OF 29 U.S.C. §§ 206-207
### UNPAID MINIMUM WAGE AND OVERTIME COMPENSATION

29. Plaintiff, RAMOS, realleges and reavers paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiff, RAMOS, was entitled to be paid at the rate of time and one-half of his hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA. Mr. Ramos was also entitled to be paid an hourly rate equal to or greater than the federal minimum wage.

31. Due to intentional, willful, and unlawful acts of Defendants, INKA, VEGA, Plaintiff, RAMOS, has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

32. During the relevant time period which consisted of 28 weeks, Plaintiff, RAMOS, worked an approximate total of 382.95 overtime hours which equals $1,877.03 in unpaid overtime plus an equal amount as liquidated damages totaling **$ 3,754.06**.

33. Additionally, Plaintiff worked 150.00 regular hours where he was paid at the rate of $ 7.00 per hour instead of the federal minimum wage rate of $ 7.25 per hour. This amounts to unpaid minimum wage damage of $ 37.50 plus an equal amount as liquidated damages totaling **$ 75.00.**

34. Plaintiff is therefore owed a grand total of **$ 3,829.06** in unpaid minimum wages, unpaid overtime, and liquidated damages.

35. Plaintiff, RAMOS, is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, RAMOS, respectfully request that judgment be entered in his favor against Defendants, INKA, VEGA, jointly and severally:

- a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and maximum hour provisions of the FLSA;

- b. Awarding Plaintiff overtime compensation in the amount of $1,877.03 in unpaid overtime plus an equal amount as liquidated damages totaling **$ 3,754.06** in damages;

- c. Awarding Plaintiff minimum wage compensation in the amount of $37.50 plus an equal amount as liquidated damages totaling **$75.00** in damages;

- d. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

- e. Awarding Plaintiff post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

- f. Ordering any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: February 3, 2017

        Respectfully submitted,

        Law Offices of Michael A. Pancier, P.A.,
        **Attorneys for Plaintiff**
        9000 Sheridan Street, Suite 93
        Pembroke Pines, FL 33024
        TEL: (954) 862-2217
        FAX: (954) 862-2287

        /s/ Michael A. Pancier, Esq.
        Michael A. Pancier, Esq.
        Fla. Bar No. 958484